IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CHUKWUMA AZUBUKO,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. |
| : | 5:03-CV-29 (CAR) |
| **NATIONAL MAGAZINE EXCHANGE,** : | |
| : | |
| **Defendant.** : | |
| : | |
| : | |

## ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER [FRCP 60(b)(5)]

Before the Court is Plaintiff's Motion for Relief from Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b)(5) [Doc. 13]. For the reasons explained below, Plaintiff's Motion is **DISMISSED** as untimely.

Rule 60(b) provides that a court may only relieve a party from a judgment or order for one of six reasons. These reasons are set forth in six separate provisions of the rule and are as follows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Motions made under Rule 60(b) "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff's Motion seeks relief from this Court's Order entered over *eight years ago* on March 13, 2003, transferring Plaintiff's case to the District of Massachusetts. It is unclear exactly

what theory Plaintiff bases his Motion to Set Aside Judgment upon. Plaintiff's Motion contains nonsensical "arguments" such as "the case was transferred to Massachusetts and it died a natural death there devoid of circumlocution and tergiversation. There the jurisprudence methodology hinged on 'it is in the plate; it must be the food' to say the least." In addition, Plaintiff states that "[i]n view of access restriction of the Plaintiff to Massachusetts District Court, the Plaintiff deemed it judicious to commence the proceedings with the Court and it was transferred without giving the Plaintiff a grain of chance to object – *active domination* of will. To call it abuse of *actual* or real *trust* would not be irresponsible or association of the Plaintiff with verbal ejaculation or ejaculator." Although the Court could provide many more examples, it is unnecessary for this Court to recite every absurd statement contained in Plaintiff's three-page Motion. Plaintiff provides no argument as to how or why this case should provide the Court a basis for providing relief pursuant to Rule 60(b). Moreover, it is clear that waiting over eight years to file this Motion is not a "reasonable time" within the meaning of the statute. Therefore, Plaintiff's Motion is **DISMISSED** as untimely.

        **SO ORDERED** this 30th day of June, 2011.

        S/ C. Ashley Royal
        C. ASHLEY ROYAL, JUDGE
        UNITED STATES DISTRICT COURT

SSH